

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| ROBERT JOE FROST,<br>   Petitioner,<br><br>vs.<br><br>WARDEN, *Lee Correctional Institution*,<br>   Respondent. | §<br>§<br>§<br>§<br>§ Civil Action No. 6:22-01911-MGL<br>§<br>§ |

## ORDER REFERRING THIS MATTER BACK TO MAGISTRATE JUDGE

Petitioner Robert Joe Frost (Frost), proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 against Respondent Warden (Warden).

This matter is before the Court for review of the Report and Recommendation of the United States Magistrate Judge (Report) recommending the Court dismiss Frost's petition without prejudice and without requiring Warden to file a return. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 28, 2022. The Court received Frost's objection on July 7, 2022. The Court has reviewed the objection and holds it has merit. It will therefore enter judgment accordingly.

In this case, a jury in the Anderson County Court of General Sessions convicted Frost on charges of murder, attempted murder, first degree burglary, armed robbery, and possession of a firearm during a violent crime. Frost appealed his conviction in state court, which dismissed his appeal.

Frost filed his first post-conviction relief (PCR) action in the Anderson County Court of Common Pleas. That court denied Frost's PCR on the merits. Frost appealed the denial with the South Carolina Supreme Court, which transferred it to the South Carolina Court of Appeals. The Court of Appeals denied his petition for a writ of certiorari and subsequently filed a remittitur after the Magistrate Judge filed the Report.

Frost objects to the Magistrate Judge's determination he has failed to exhaust his state court remedies. He provides a June 9, 2022, letter from his state court attorney stating the South Carolina Court of Appeals' denial of his petition for writ of certiorari on June 8, 2022, meant he exhausted his state court remedies as of that date. He had neglected to present this document to the Magistrate Judge.

The Court has failed to find any open South Carolina Supreme Court cases involving Frost. It appears Frost has completed his PCR appeals and thus exhausted his state court remedies. *Cf. Ex parte Hawk*, 321 U.S. 114, 115–16, 118 (1944) (denying petitioner's habeas corpus application and reasoning he had not exhausted his state remedies because an avenue remained for him to challenge the Nebraska Supreme Court's denial of his habeas appeal). And, since the time the Report was filed, the remittitur was filed in Frost's PCR action. After considering the information

unavailable to the Magistrate Judge when he filed the Report, and reviewing the procedural history, the Court will therefore sustain Frost's objection.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court sustains Frost's objection and refers this matter back to the Magistrate Judge for consideration of the merits of Frost's petition.

**IT IS SO ORDERED**.

Signed this 18th day of October 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.